CLEVE BARNES V. THE STATE.

No. 4015.  Decided March 22, 1916.

Rehearing denied April 12, 1916.

**1.—Local Option—Continuance—Immaterial Testimony.**

Where the application for continuance showed that the absent testimony was altogether immaterial, there was no error in overruling the same.

**2.—Same—Former Jeopardy—Carving.**

Where appellant contended that he was placed in former jeopardy because of another pending indictment which had been carved out of this same offense, the conviction thereon occurring after the instant trial, there was no error in overruling the motion.

Appeal from the District Court of Young.  Tried below before the Hon. W. P. Stinson.

Appeal from a conviction of a violation of a local option law; penalty, a fine of one hundred dollars and sixty days confinement in the county jail.

The opinion states the case.

*Brooks & Worsham,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—This is an appeal from a misdemeanor conviction in the County Court for making a single sale of whisky in prohibition county.

. The complaint and information both, allege that in June, 1902, an election was held in Young County, and the law prohibiting the sale of intoxicating liquors therein then duly put in force, and that on or about October 1, 1914, while said law was in force, appellant unlawfully made a sale of such liquor to Harvey Taylor. These pleadings were filed in the County Court May 20, 1915. The case was tried July 13, 1915, and the State proved, without any contradiction, that said law was in force, and the one sale made, as alleged.

Appellant moved for a continuance on account of the absence of his wife, but his bill as qualified by the court clearly shows that her claimed testimony would have been altogether immaterial, and not applicable in the case.

He has another bill to the court's overruling his other motion to continue, because of the pending indictment against him in No. 3997, this day affirmed by us, claiming that indictment was a carving, and placed him in jeopardy, and that he was entitled to a continuance to await trial on said felony charge. The trial in said felony charge, and his conviction therein, occurred after his trial and conviction herein.

· There was no merit in this motion, and the court correctly overruled it. The question is discussed and correctly decided by us in said cause No. 3997, this day decided.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge, absent.

[Rehearing denied April 12, 1916.—Reporter.]